OPINION
Defendant-appellant Isaiah Smith appeals from his conviction and sentence for Aggravated Burglary, Assault upon a Peace Officer, and Attempted Grand Theft of a Motor Vehicle. Smith contends that his conviction for Aggravated Burglary is not supported by the evidence, since no one but he was present in the occupied structure while he was trespassing therein, and the presence of some other person is an essential element of that offense. The State confesses error in this regard. Accordingly, that part of the judgment of the trial court convicting Smith of Aggravated Burglary is Reversed, and this cause isRemanded to the trial court with instructions to enter a judgment of conviction for Burglary, and to impose an appropriate sentence.
 I
In the early morning hours of September 7, 2000, Melissa Hosbrook was awakened from her sleep in her house in Trotwood, Ohio, by the sound of her dogs barking. She saw defendant-appellant Isaiah Smith peering into her house through her screen door. Smith asked her whether "Bryant" was there. Hosbrook replied that there was nobody named Bryant there. Smith then turned and walked away.
A moment later, Hosbrook heard her driveway gate open. She looked outside and saw Smith in her car, in her driveway, peeling her steering column with a pair of pliers. Hosbrook called 911, and the police were dispatched. Before the police got there, Hosbrook went to her car and ordered Smith to get out. Smith refusing to comply, Hosbrook physically removed him from her car. Smith then "lunged" at Hosbrook, hitting her in the face and knocking her down. He told Hosbrook, "If I can't steal your car, I'm gonna rob you." Smith then ran into Hosbrook's house through the front door, ripped her telephone from the wall, left through the front door with the telephone in hand, vaulted the back fence, and departed the scene.
Smith was subsequently arrested. While he was being booked at the Trotwood Police Department, he butted police officer Archie Swanson in the face. Smith was ultimately charged with Aggravated Burglary, Assault upon a Peace Officer, and Attempted Grand Theft of a Motor Vehicle. Following a bench trial, Smith was convicted as charged, and sentenced to serve seven years in prison for Aggravated Burglary, eighteen months for Assault upon a Peace Officer, and twelve months for Attempted Theft of a Motor Vehicle, all sentences to run concurrently. From his conviction and sentence, Smith appeals.
 II
Smith's sole assignment of error is as follows:
 THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW TO SUPPORT APPELLANT'S CONVICTION FOR AGGRAVATED BURGLARY AND APPELLANT SHOULD ONLY HAVE BEEN CONVICTED OF THE LESSER INCLUDED OFFENSE OF BURGLARY.
 The offense of Aggravated Burglary with which Smith was charged, R.C. 2911.11(A)(1), provides as follows:
 No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if any of the following apply;
 (1) The offender inflicts, or attempts or threatens to inflict physical harm on another;
* * *
(Emphasis added.)
Smith points out, correctly, that there is no evidence in this record to establish that any person other than Smith, himself, was present in Hosbrook's house while Smith was trespassing therein. Hosbrook had left the house earlier, to prevent Smith from stealing her car, and was outside the house at all times while Smith was in her house stealing her telephone.
The State acknowledges that there is insufficient evidence in this record to support a conviction for Aggravated Burglary. For his part, Smith concedes that there is sufficient evidence in the record to support a conviction for the lesser-included offense of Burglary, for which he admits he should have been convicted.
We agree with both parties. The trial court erred when it found Smith guilty of Aggravated Burglary. Smith's sole assignment of error is sustained.
 III
Smith's sole assignment of error having been sustained, that part of the judgment of the trial court convicting Smith of the offense of Aggravated Burglary is Reversed; that part of the judgment of the trial court convicting Smith of the offenses of Assault upon a Peace Officer and Attempted Grand Theft of a Motor Vehicle is Affirmed; and this cause is Remanded to the trial court with instructions to enter a judgment of conviction for Burglary, and to impose an appropriate sentence.
WOLFF, P.J., and GRADY, J., concur.